In the Matter of GOLDOVSKY OPERA INSTITUTE, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REY-NOLDS, J. Appeal from a decision of the Unemployment Insurance Appeal Board ruling that the employer was subject to the New York State Unemployment Insurance Law effective October 1, 1964, and not exempt therefrom pursuant to subdivision 4 of section 560 of the Labor Law. Subdivision 4 of section 560 of the Labor Law exempts from liability for contributions under article 18 thereof organizations which are operated exclusively for "educational purposes" but then excludes from this exemption "any employer whose primary activity is the production of plays, musical or otherwise, or concerts, for the entertainment of the public." Appellant admits it produces operas but nevertheless maintains its right to exemption in that it does so not for the entertainment of the public but to further the professional education of its students. While the training of singers and conductors may well have been an element of appellant's function, it is clear that the board could properly find on the instant record that the entertainment of the public was a primary activity engaged in by the appellant. Appellant's articles of organization specifically indicate such a purpose and the size and scope of its production activities throughout the country provide ample support for such a conclusion. Moreover, the legislative history of subdivision 4 clearly indicates that the legislative intent was that the appellant should not be exempt under the facts developed here (see N. Y. Legis. Doc., 1952, No. 39, pp. 17, 63; N. Y. Legis. Doc., 1954, No. 64, Report, Joint Legis. Comm. on Unemployment Ins., 1954, p. 40). Decision affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.